# Davenport Company, Appellant, *v.* Pennsylvania Railroad Company.

*Common carriers—Bills of lading—Negligence—Exemption from liability.*

A bill of lading for perishable goods contained a clause exempting the carrier from "loss or damage by causes beyond its reasonable control . . . . or by any of the causes incident to transportation, such as chafing, heating, freezing, leakage . . . . or any other reason not directly traceable to the negligence of" its servants. The goods were injured from the excessive heat of a close box car in which they were carried. There was evidence that at the time the goods were delivered to the carrier the shipper directed one of the carrier's clerks to place them in a ventilated car, but there was no evidence that the defendant agreed to do this. The goods in question were less than a car load, and there was no evidence of a custom to carry such goods when less than a car load in ventilated cars. *Held*, that the carrier was not liable for the loss.

Argued Jan. 17, 1896. Appeal, No. 138, July T., 1895, by plaintiff, from judgment in C. P. No. 4, Phila. Co., Sept. T., 1892, No. 105, of nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover the value of goods from a common carrier on an alleged breach of contract. Before THAYER, P. J.

At the trial it appeared that on June 11, 1892, plaintiff delivered a lot of pineapples, less than a carload, to defendant to transport from Philadelphia to Altoona. The bill of lading or shipping receipt under which the fruit was shipped contained the following provision: "The carrier shall not be liable for loss or damage by causes beyond its reasonable control . . . . or by any of the causes incident to transportation, such as chafing, heating, freezing, leakage, rust, or by any other reason not directly traceable to the negligence of the carrier's servants." The goods were injured by the excessive heat of the close box car in which they were carried.

Charles G. Monroe, a witness for plaintiff, who delivered the goods to the railroad company, testified that under instructions given him by Mr. Davenport he told one of defendant's clerks to ship the goods in a ventilated car. There was no evidence that defendant agreed to ship them in such a car. There was

evidence that it was customary for fruit to be carried in ventilated cars only when whole car loads were offered for shipment, and then usually under special contract.

The court entered a compulsory nonsuit saying: "I shall allow the nonsuit on the ground that it was incumbent on the plaintiff to have shown an obligation or contract on the part of the defendant to ship by a particular kind of a car. I do not think that either has been shown."

The court subsequently refused to take off the nonsuit.

*Error assigned* was refusal to take off nonsuit.

*Horace M. Rumsey*, for appellant.—On motion for nonsuit, if there be any inference of disputed facts, the case must be submitted to the jury: Hill v. Trust Co., 108 Pa. 1; Baker v. Lewis, 33 Pa. 301; Maynes v. Atwater, 88 Pa. 496; McGrann v. R. R., 111 Pa. 171; Miller v. Bealer, 100 Pa. 583; Wharton on Agency, sec. 178; Bank v. Whitehead, 10 Watts, 397.

Instructions given to a receiving agent when goods are delivered for shipment are a part of the contract, and if the agent cannot carry out the contract, he should refuse to receive the goods: Valentine v. Packer, 5 Pa. 333; Tanner v. R. R., 53 Pa. 411; Express Co. v. Schlessinger, 75 Pa. 246; Ins. Co. v. Shultz, 82 Pa. 46; Lamp Co. v. Horstmann, 24 W. N. C. 396; Hopkins v. Everly, 150 Pa. 117; Bank v. Stever, 169 Pa. 574; Harrison v. Rwy. Co., 74 Mo. 370; Wilson v. Rwy. Co., 18 Eng. Law & Eg. 557; R. R. v. Day, 20 Ill. 375; Denning v. R. R., 48 N. H. 455; Northrup v. Ins. Co., 47 Mo. 439; Pruitt v. R. R., 62 Mo. 540; Story on Agency, sec. 127; Pavitt v. Lehigh Valley R. R., 32 W. N. C. 65.

It may be safely asserted that if the railroad company undertakes to carry perishable goods, it is upon the express assumption that it will carry properly and safely: Carter v. Coal Co., 77 Pa. 286; McMasters v. R. R., 69 Pa. 374; Bank v. Fiske, 133 Pa. 244; Conestoga Cigar Co. v. Finke, 144 Pa. 173.

The freezing or decay of perishable merchandise by heat is not an intervention of the vis major to excuse a carrier: King v. R. R., 1 Hilton, 235; Klauber v. Express Co., 21 Wis. 21; Wolf v. Express Co., 43 Mo. 422; Tiernay v. R. R., 76 N. Y. 305; Hewett v. Rwy. Co., 63 Iowa, 612.

*Geo. Tucker Bispham, John Hampton Barnes* with him, for appellee.

PER CURIAM, January 27, 1896:

It was claimed by the plaintiff and testimony was introduced for the purpose of proving that the defendant company was bound to ship the goods in question in a ventilated or other suitable kind of special car; and, not having done so, it is liable in damages for the injury resulting from the excessive heat of the close box car, etc. An examination of the testimony shows that it is insufficient to justify the conclusion that the company was under any such obligation, contractual or otherwise. The shipping receipt contains a clause exempting the carrier from loss or damage by causes beyond its reasonable control . . . . or by any of the causes incident to transportation, such as chafing, *heating*, freezing, leakage, . . . . or any other reason not directly traceable to the negligence of " its servants. We find nothing in the testimony to take the case out of the operation of this exempting clause. There was no error in refusing to take off the judgment of nonsuit.

Judgment affirmed.