# A. B. & J. Schaeffer v. Philadelphia & Reading Railroad, Appellant.

168      209
30 SC ²399
168      209
35 SC ¹469

*Carriers of live stock—Negligence—Presumption—Evidence—Mules.*

Injury to the contents of a car may furnish ground for an inference of want of ordinary care in transportation, although there may be no evidence of an injurious accident to the train, nor any direct evidence of improper or negligent handling of the car.

This rule applies with proper limitations to live stock, but has no application in the case of injuries which are such as animals voluntarily inflict upon each other, or which cannot be accounted for, or which can be satisfactorily explained on any other ground than that of negligence in managing the train; nor does it apply in cases of death from natural causes, or causes entirely unknown.

In an action to recover damages for injuries to mules shipped from Kentucky to Fleetwood, Pennsylvania, testimony was presented to show that the animals were in good condition and uninjured when they were received at Harrisburg; that the injuries were of recent occurrence, and not such as the animals would have inflicted upon each other, except involuntarily if they were thrown down and trampled or jammed together by a collision or rough handling of the cars. Witnesses who had been for years engaged in shipping mules, who knew their habits and disposition and the causes likely to lead to their injury while on board cars, and who saw the mules when they were unloaded, were allowed to express their opinion as to the cause of the injuries. *Held* that the evidence was properly admitted.

*Common carrier—Negligence—Limitation of liability—Question for jury.*

In an action to recover damages for injuries to live stock during transportation, the burden of proof as to any limitation upon the common law liability of the carrier is upon the defendant, and unless such limitation is admitted, or clearly established by proof, the question is necessarily for the jury.

Argued March 5, 1895. Appeal, No. 8, Jan. T., 1895, by defendant, from judgment of C. P. Berks Co., Sept. T., 1891,

No. 5, on verdict for plaintiffs.    Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass to recover damages for injuries to mules.    Before ENDLICH, J.

At the trial it appeared that on Oct. 6, 1890, Wills and Gar nett, of Cynthiana, Kentucky, shipped to the plaintiffs at Fleet-wood, Berks county, Pa., a carload of forty-two mules and four horse colts.    The route was over the Kentucky Central Railroad to Cincinnati, over the Pennsylvania Railroad from Cincinnati to Harrisburg, and over the defendant railroad from Harrisburg to Fleetwood.    The animals were properly loaded and were shipped in Kentucky Central car No. 1311, which ran through to Fleetwood.    They were fed at Covington, Kentucky.    They were unloaded, fed and watered at East Liberty Stock Yards, where they arrived at 8.40 A. M. on October 10.    They were all in good condition when they were reloaded on the same car, which was attached to the train leaving at 4 P. M. the same day. They were brought through from East Liberty to Harrisburg without accident, passing Altoona at 4.30 A. M. on October 11, and arriving at Harrisburg at 3.30 P. M., and after the car was turned over to the defendant at Harrisburg the stock was inspected and found in good condition.    The defendant's train with the car attached left Harrisburg about 5.10 P. M.

When the car arrived at Fleetwood about 1 A. M. on October 12, the mules presented every evidence of recent rough handling, as though they had been squeezed together.    Some were bruised internally and externally, some had most of their hair rubbed or tramped off their backs, some had holes in their legs, one had part of his intestines protruding, one was dead, another died the next morning, and another ten or twelve days afterwards.

There was some evidence that the shipment was made under a special contract that the carrier should be relieved of his common law liability, and should only be liable as a private carrier for hire.

When James D. Schaeffer was on the stand he testified that he had been engaged in the business of shipping mules for six years, and then he was asked this question :

By Mr. Hiester : " Q. State whether or not from your expe-

rience with mules, you believe that these animals would have been injured in this way if the car had been properly handled."

Mr. Snyder: " Objected to as irrelevant and incompetent; we have nothing to do with the belief of the witness."

The Court: " Admitted; exception for defendant."

" A. No, they could not have been injured this way if the car had been properly handled." [2]

When John Hill was on the stand, after testifying that he had been engaged in shipping mules for twelve years, he was asked:

Q. "State whether or not, from your experience with mules, you believe that these animals would have been injured in this way if the car had been properly handled?"

Mr. Snyder: " Objected to, as not competent; it is a mere opinion ; the witness described what the injuries were, and he is not competent to testify; the question is a mere inference, a mere guess or belief."

" A. No, sir, they would not." [3]

Plaintiffs' point, among others, was as follows:

" If the jury cannot find that there was a special contract, or what the special contract was, then the defendant was liable as an insurer against all injuries except those arising from the act of God, the public enemy, or from the peculiar propensities of the animals carried. *Answer:* That is the rule, gentlemen, if there was no contract limiting or restricting the liability of the railroad company." [1]

Defendant's points, among others, were as follows:

" 1. There is no evidence in this case that will warrant a verdict for the plaintiffs. *Answer:* Reserved." [4]

" 2. Under the terms of the special contract made by the plaintiffs' agents, Wills & Garnett, with the Kentucky Central R. R. Co., the verdict must be for the defendant. *Answer:* Declined." [5]

" 3. Under all the evidence in the case the verdict must be for the defendant. *Answer:* Declined." [6]

Verdict and judgment for plaintiff for $450. Defendant appealed.

*Errors assigned* were (1, 4–6) above instructions, quoting them ; (2, 3) rulings on evidence, quoting the bill of exceptions.

*Jefferson Snyder*, of *Baer & Snyder*, *Philip S. Zieber* with him, for appellant.—At common law, a carrier of live stock is not liable for the injury inflicted upon an animal by itself or caused by other animals shipped in the same car, where the injury is brought about without fault on the carrier's part: Louisv., N. O. & Tex. R. R. v. Bigger, 38 A. & E. R. R. Cases, 373; Evans v. Fitchburg etc. R. R., 111 Mass. 142; Maslin v. Balt. etc. R. R., 14 W. Va. 180; Indianapolis etc. R. R. v. Jurey, 8 Ill. App. 160; Hall v. Renfro, 3 Metc. (Ky.) 51.

The burden was on the plaintiffs to show that the injury to their stock was in some way caused by defendant's negligence: Penna. R. R. v. Raiorden, 119 Pa. 577; Buck v. Penna. R. R., 150 Pa. 178; Phœnix Pot Works v. R. R., 139 Pa. 284; Reese v. Clark, 146 Pa. 465; Phila. & Reading R. R. v. Schertle, 97 Pa. 455.

*Isaac Hiester*, *D. Nicholas Schaeffer* with him, for appellee.— It was not necessary for plaintiff to produce witnesses who saw the rough handling of the car containing the mules, but it was sufficient for them to show that the mules had received such injuries as unmistakably pointed to rough handling of the car as their cause: N. Y. C. & H. R. R. v. Eby, 22 W. N. C. 92; Phœnix Pot Works v. Pittsburg & Lake Erie R. R., 139 Pa. 284.

The expert opinions of the mule dealers was not only relevant but entirely proper for submission to the jury, to assist them in determining whether the condition of the mules was caused by the ordinary accidents of travel, or the propensities of the animals, or by the negligent handling of the car by the defendant.

If there was no special contract, the defendant was liable as insurer, and the jury were properly first called upon to determine whether there was a special contract, and if there was one, what the special contract was.

OPINION BY MR. JUSTICE FELL, May 20, 1895:

Whether the plaintiffs' mules, which were injured while being carried in a car on the defendant's road, had been shipped under a special contract restricting the defendant's liability as a carrier was a question in dispute at the trial. As the action

was founded upon the common law liability of a carrier the burden of proof as to any limitation thereof rested with the defendant, and unless it was admitted or clearly established by proof the question was necessarily for the jury. That the preponderance of evidence was in favor of such a limitation would not have justified the court in treating it as an established fact. The question was properly submitted with full and accurate instructions as to the effect of such an agreement if found to exist. This disposes of the first assignment of error, and the remaining assignments may be considered together. They relate to the admission of testimony as to the cause of the injuries, and to the sufficiency of this testimony to sustain a finding for the plaintiffs.

The plaintiffs had a car load of young mules and colts shipped from Cynthiana, Ky., to Fleetwood, Pa. The car was received by the defendant from another railroad company at Harrisburg. When the car reached Fleetwood a number of the mules were found to be seriously injured. To meet any defense based upon the ground of a restricted contractual liability the plaintiffs assumed the burden of proving that the injuries resulted from negligence while the car was on defendant's road and in charge of its employees. Testimony was presented to show that the animals were in good condition and uninjured when they were received at Harrisburg; that the injuries were of recent occurrence, and not such as the animals would have inflicted upon each other, except involuntarily if they were thrown down and trampled or jammed together by a collision or rough handling of the cars. Witnesses who had been for years engaged in shipping mules, who knew their habits and disposition and the causes likely to lead to their injury while on board cars, and who saw these mules when they were unloaded, were allowed to express their opinions as to the cause of the injuries. The value of their opinions was for the jury to determine, and we see no valid objection to admitting the testimony.

There was no evidence of an injurious accident to the train, nor was there any direct evidence of improper or negligent handling of the cars. Injury to the contents of a car may however furnish ground for an inference of want of ordinary care in transportation: American Express Co. v. Sands, 55 Pa. 140; Grogan v. Adams Express Co., 114 Pa. 523; Phœnix Pot

Works v. P. & L. E. R. R. Co., 139 Pa. 284; Buck v. Penna. R. R. Co., 150 Pa. 170; N. Y. C. & H. R. R. Co. v. Eby, 22 W. N. C. 92. There is no reason why this rule with proper limitations should not apply to animate objects. It of course would have no application in the case of injuries which are such as animals voluntarily inflict upon each other, or which cannot be accounted for, or which can be satisfactorily explained on any other ground than that of negligence in managing the train; nor in cases of death from natural causes, or causes entirely unknown, as in Penna. R. R. Co. v. Raiordan, 119 Pa. 577.

The case on the facts was one of great doubt, but the jury was not left to mere conjecture. The testimony furnished the basis for an intelligent finding, and its submission was free from error.

The judgment is affirmed.