Opinion by
Head, J.,
The plaintiff in this action seeks to recover damages for injuries to his property received, as he alleges, in the course of transportation by the defendant company from Jersey City to Reading, Pa. At the trial evidence was introduced from which the jury could find that the stained glass, the property mentioned, was carefully packed at New York by a competent person and delivered in good order for shipment to the defendant company. When the package reached its destination at Reading, the glass was found to be broken, and to recover its value this suit was brought.
The defendant is a common carrier. The property of the plaintiff having been, as the jury found upon evidence, delivered to the carrier in good condition, the duty of the latter to transport it safely arose. It was, as above stated, found upon its arrival at destination broken. In such cases, the law reasonably and necessarily raises the presumption that the injuries sustained by the property were caused by the negligence of the carrier. This presumption may, it is true, be overcome, if the carrier can furnish satisfactory evidence that the injury resulted from some other cause than its own negligence, but in the absence of such explanation by the carrier, the legal presumption of negligence furnishes a sufficient foundation for a verdict against the carrier: Rhymer v. D., L. & W. Railroad Co., 27 Pa. Superior Ct. 345; Schæffer v. Phila. & Reading Railroad Co., 168 Pa. 209. In the first case cited it was said, “When an injury to property is of the character complained of in this case, if no explanation whatever is given as to how the injury occurred, a presumption of negligence arises which is sufficient to justify a recovery in cases where there is no other proof than of the delivery of the goods to the carrier in good *470 condition, and their arrival at the point of destination in a damaged condition.” Many cases are there cited in support of this well-recognized principle.
In the present case, the defendant offered no evidence whatever from which the jury could have found that the presumption of negligence raised by the law had been overcome, and that the injury to the plaintiff’s property had resulted from any cause other than the negligence of the defendant.
The only other question raised by this appeal was the correctness of the ruling of the learned trial court admitting in evidence the depositions of witnesses taken in the state of New York under a commission for that purpose, which issued out of the court of common pleas of Berks county. When that commission issued, notice of that fact was served upon the defendant, and that notice contained the information that a commission had issued to one John C. Rowe,' having his office at No. 44 Broad street, New York city, and that said commission would be executed and the testimony taken by the said commissioner, at his office, on Saturday, April 6,1907, between 10 a. m. and 3 p. m. Upon the return of the commission after execution, notice was again served upon the defendant “that "the depositions taken by virtue of a commission in the above-entitled cause have been filed in the office of the prothonotary.” When these depositions were offered in evidence at the trial, objection was made to their admission in evidence because it appeared from the certificate of the commissioner that one Wallace Stevens, an attorney at law, appeared in behalf of the plaintiff, and that there was no appearance in behalf of the defendant.
It is hrue that in Hollister v. Hollister, 6 Pa. 449, it was held that a deposition taken under a commission, executed outside of the state, should be rejected, if it appeared that the party who procured it, or'his solicitor, was present with the commissioner when the testimony was taken. The reason for the rule which followed the practice of the court of chancery in England is thus stated by Coulter, J.: “ When depositions are taken within the state, the time and place are fixed, of which the opposite party has due notice, and has the opportunity of being *471 present if lie thinks proper. • But in relation to depositions taken on a commission without the state, the time and place are not fixed, and depend upon the option of the party procuring it, who selects his own time. It is, therefore, unreasonable to allow his presence, or that of his agent, when the opposite party has no notice, and no opportunity of being present by himself or his agent.” Whether under the particularity of the notice given in the present case, to which we have adverted, the reasoning of this rule, and hence the rule itself, would apply, might be questioned. But it is not necessary to consider that because the court below, conceding the existence of the rule and its applicability to this case, determined that the defendant had waived any right to urge an objection founded thereon.
By rule 23 of the rules of court of Berks county, it is provided that upon the return of any commission, “either party may give notice thereof to the opposite party who shall, within ten days after service of such notice, file a specification of his objections, if he have any, to the notice, service, form, or execution of the commission, or the talcing of the deposition, or the mode of swearing the witnesses, or to any of the acts or omissions of the commissioners or magistrates, or of any other person or persons in or to the same. No exception to the admissibility of the evidence so returned or filed, not included in such specification, shall be taken on the trial unless it be an exception that might be taken to the evidence if the witness were offered for examination orally in court.” The helpfulness of such a rule in the trial of causes is so apparent that it has found expression in the rules of almost every court within the commonwealth. If in the execution of a commission some mistake, irregularity or impropriety on the part of the litigant desiring to use testimony thus taken has been allowed to creep in, the earliest possible notice of such defect ought to be given so that it could be remedied by the issue of another commission. To allow the opposite party to sit quietly by after notice of the execution of such commission, and then at the trial take advantage of such a technical defect, and thus deprive the party of the benefit of the testimony, would not be *472 in accord with that spirit of fairness which ought to characterize a judicial proceeding.
As already stated, upon the return of the commission in the present case, notice was given under the rule of court to the defendant’s counsel “that depositions taken by virtue of a commission in the above entitled case” had been filed. It thereupon became the duty of the defendant to examine the record and see if it exhibited any such defects in the execution of the commission as might defeat the object intended to be secured when it issued. If there were such defects, any exceptions thereto should have been specified and filed as the rule of court required. No such exceptions were filed. The learned court below construing its own rule, held that the objection made at the trial to the admission of the deposition 'came too late. In this we can find no error. Even in doubtful cases a wide discretion is vested in every court in the construction of its own rules, and it is only where there has been a palpable abuse of such discretion that an appellate court will interfere. We are unable in the present case to discover any such abuse of discretion, and we therefore but follow a long line of precedents in accepting that construction of the rule adopted by the court that made it.
The assignments of error are therefore overruled and judgment affirmed.
Opinion by
Head, J.,
on motion for reargument:
It is certainly true, under the special contract entered into between the parties, that the defendant would be liable only for its own acts of negligence, and that a jury could properly base a finding of such negligence only on testimony, produced at the trial, and deemed by the law sufficient to support such a finding. The learn'ed trial court carefully so instructed the jury. “ The jury will have to inquire — and that is the important point — whether the defendant company received this package in good condition, its contents unbroken, and so packed as to be safely handled with adequate care according to its visible requirements. Where the thing is shown to be under the management of the defendant or its servants, and the accident is *473 such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.”
In his opinion entering judgment on the verdict the learned court below fully demonstrated the soundness of the position taken at the trial, citing a number of authorities, among them: Rhymer v. R. R. Co., 27 Pa. Superior Ct. 345. In that case, as in this, there was a special contract under which the defendant would be liable only for its own acts of negligence.
Defining the measure of proof necessary to establish negligence in such cases, this court said: “When inanimate property, of a character which is not by natural laws marked for early decay, is properly prepared for shipment when delivered to the carrier, and, upon reaching its destination is found to be badly damaged, a reasonable inference arises that it was not transported with ordinary care. The injury, in such a case, is evidence of negligence, but it is only evidence and the inferences are to be drawn by the jury. The plaintiff proves the facts from which the inferences are to be drawn, and thus meets the burden which is, in the first instance, upon him to establish the negligence of the defendant.”
We have carefully re-examined the printed brief of argument submitted by the learned counsel for the appellant. We find in it no attempt to controvert the correctness of the legal position taken by the learned trial court; no mention of the several cases relied on or any argument to prove them inapplicable to or distinguishable from the case before us. The effort seemed to be to show that, under the evidence, the injury might have occurred from some one of several causes other than the negligent act of the defendant, and hence the conclusion reached in the verdict was but an unwarranted guess. .
Unable to follow the argument to the conclusion desired by the learned counsel we said, in the brief opinion on this branch of the case: “At the trial evidence was introduced from which the jury could find that the stained glass was carefully packed at New York by a competent person and delivered in 'good order for shipment to the defendant company. When' *474 the package reached its destination at Reading, the glass was found to be broken. ... In such cases the law reasonably and necessarily raises the presumption that the injuries sustained by the property were caused by the negligence of the carrier.” The presumption referred to was intended to be understood as one of fact, not of law. It would have been more strictly accurate to have said that in such cases the law reasonably and necessarily recognizes the right of the jury to draw the inference of fact that the injury sustained was caused by the negligence of- the carrier. Resting our judgment, as we expressly did, on the authority of Rhymer v. R. R. Co., 27 Pa. Superior Ct. 345, and kindred cases, we did not intend to deny to the defendant any protection afforded by its special contract, or to consider its liability as if no such contract existed. But that contract could not protect it against the consequences of its own negligence. ' There was evidence legally sufficient to warrant an inferencé by the jury that such negligence caused the injury. The evidence was submitted with instructions that were free from any error.. A judgment on the verdict so rendered properly followed. The motion for a, reargument is denied.