## Blackburn v. Adams Express Company, Appellant.

*Carriers—Common carriers—Railroads—Live stock—Presumption—Evidence—Limitation of liability—Act of congress of June 29, 1906, 34 Statutes at Large, 584.*

1. Where horses are shipped in good condition, but are delivered at their destination by the carrier in a damaged condition, and there is no proof as to what caused the injury, no presumption of negligence arises against the carrier from the mere injuries, as arises in the case of inanimate objects. The burden of proof is upon the owner to establish negligence on the part of the carrier; but this burden is met by evidence which would justify the jury in concluding that the condition of the horses was not reasonably accounted for in any other way than that the car in which they were carried had been violently handled at the point of departure or some other place on the way.

2. The act of congress of June 29, 1906, 34 Statutes at Large, 584, relating to interstate commerce in no way affects the Pennsylvania rule that a carrier cannot limit the amount of his liability for an injury caused by his own negligence.

Argued Nov. 16, 1909. Appeal, No. 95, Oct. T., 1909, by defendant, from judgment of C. P. Chester Co., Aug. T., 1907, No. 101, on verdict for plaintiffs in case of Ephraim Blackburn and Joseph S. Townsend, trading as Blackburn & Townsend, v. Adams Express Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for loss of horses. Before HEMPHILL, P. J. The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $515.02. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant, and in refusing to limit the amount that might be recovered to $75.00 for each horse as stipulated in the contract of carriage.

*John Lewis Evans,* with him *Thomas DeWitt Cuyler,* for appellant.—The burden was on the plaintiffs to prove negligence, and the injured condition of the horses without more was not sufficient to satisfy this burden: Pennsylvania R. R. Co. v. Raiordon, 119 Pa. 577; Davenport v. R. R. Co., 10 Pa. Superior Ct. 47; Crary v. R. R. Co., 203 Pa. 525; Schaeffer v. R. R. Co., 168 Pa. 209.

When a statute of the United States requires a carrier to issue a bill of lading for all property received for interstate transportation and imposes on the carrier liability to the holder thereof for loss or damage, the validity of a provision in the bill of lading and the measure of the liability of the carrier must be determined not by local state law but by the common-law decisions of the supreme court of the United States: Macfarlane v. Adams Express Co., 137 Fed. Repr. 982; Taylor v. Weir, 162 Fed. Repr. 585; Hart v. R. R. Co., 112 U. S. 331 (5 Sup. Ct. Repr. 151); Trexler v. R. R. Co., 28 Pa. Superior Ct. 207; Stewart v. B. & O. R. R. Co., 37 Pa. Superior Ct. 273; Tullock v. Mulvane, 184 U. S. 497 (22 Sup. Ct. Repr. 372).

*A. M. Holding,* for appellees.—There was sufficient evidence presented by the plaintiffs in this case from which the jury could find that the injuries complained of were due to negligence for which the defendant was responsible: Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 135; Davenport v. R. R. Co., 10 Pa. Superior Ct. 47; Schaeffer v. R. R. Co., 168 Pa. 209; Gross v. Express Co., 35 Pa. Superior Ct. 467.

The injuries in this case being shown to have been due to the negligence of the defendant, the plaintiffs are entitled to recover damages based upon the actual value of

the horses killed and injured; and the Carmack amendment of June 29, 1906, to the interstate commerce act does not prevent such recovery: Grogan v. Adams Express Co., 114 Pa. 523; Weiller v. R. R. Co., 134 Pa. 310; Ruppel v. Ry. Co., 167 Pa. 166; Hughes v. R. R. Co., 202 Pa. 222; Pennsylvania R. R. Co. v. Hughes, 191 U. S. 477 (24 Sup. Ct. Repr. 132).

OPINION BY HENDERSON, J., July 20, 1910:

The defendant received from the plaintiffs twenty-eight horses to be transported from Zanesville, Ohio, to Oxford, Pa., in one of the defendant's cars. When the car arrived at Oxford three of the horses were found to have been injured, two of them so severely that one of them died soon after it was taken from the car and the other was shot. The third was disabled for a long time and sold for much less than its value before the injury. The uncontradicted testimony shows that the horses were in good condition when they were placed in the car at the point of shipment. There was no direct evidence of collision, derailment or other violent injury to the car, and the appellant therefore contends that there was not any evidence to charge the defendant with negligence. The case of Penna. R. R. Co. v. Raiordon, 119 Pa. 577, is cited as a case which rules the question. That action arose out of the shipment of a number of horses one of which was dead when the car arrived at its destination. The controlling fact in that case which induced the decision of the court was that there was no evidence to show what was the cause of the death of the horse. No attempt was made to prove that he died from an injury resulting from a negligent act of the defendant's servants in moving the train or handling the car. The plaintiff was in charge of the horses during the shipment; nothing was shown as to the defendant's failure to perform any duty in the means of transportation and the plaintiff was unable to assign any cause for the death of the horse. Under these circumstances the court held that the plaintiff was not en-

titled to recover because he had failed to prove an injurious accident. The carrier's contract was not one of insurance of the lives of the animals transported, but one of indemnity against loss arising from negligence in the course of the carriage. Unless the evidence tended to show that the loss was a consequence of some wrongful act of the defendant, the plaintiff had no cause of action. A distinction exists between animate and inanimate objects and between property liable to rapid loss or deterioration because of some inherent quality not connected with the manner of transportation and that which is not liable to such change. Where the injury may have been the result of natural causes not related to the carrier's responsibility something more than the mere fact of the loss must be shown. The plaintiff must establish the defendant's default. Where the property is inanimate and not subject to deterioration and is shipped in good condition the fact that it arrives in a badly damaged condition at its destination raises an inference of negligence as to the manner of transportation; and in the case of animate property the injury may be of such a nature as to indicate violent or careless handling in the course of transportation and therefore evidence of negligence proper for the consideration of the jury: Laing v. Colder, 8 Pa. 479; Davenport v. R. R. Co., 10 Pa. Superior Ct. 47; Schaeffer v. R. R. Co., 168 Pa. 209. The plaintiff's evidence is of the latter character and was properly submitted to the jury. It tended to show the application of violence to the horses and injuries of a character not likely to be caused otherwise than by a very severe shock or concussion. The only cause assigned by the defendant for the damage to the horses was that their injuries were received from kicks or the tramping of other horses, but the plaintiff's evidence tends to exclude this theory and would justify the jury in concluding that the condition of the horses was not reasonably accounted for in any other way than that the car in which they were carried had been violently handled at Pittsburg or some other place on its journey.

The case on this point is closely similar to Schaeffer v. R. R. Co., 168 Pa. 209, and is, we think, controlled by it.

The appellant further contends that the transportation of the horses involved interstate commerce; that the contract of carriage contained a stipulation limiting the liability of the carrier in case of injury and that since the enactment by congress of the act of June 29, 1906, 34 Statutes at Large, 584, the right of a carrier to limit his liability for negligence is a question to be determined according to the law as interpreted by the federal courts, and that the decision of the supreme court of the United States in Penna. R. R. Co. v. Hughes, 191 U. S. 477, is not conclusive. This subject was presented for our consideration in Wright v. Adams Express Co., ante, p. 40, in which case an opinion was this day delivered. Our conclusion in that case was that the act of congress referred to did not affect the subject of the measure of damages in an action in Pennsylvania against a common carrier for negligence; that the particular subject was not legislated upon and that without such legislative action the rule in Pennsylvania remains unchanged.

The assignments are overruled and the judgment affirmed.