## MIDLAND VALLEY R. CO. v. PUGH.

### No. 1741. Opinion Filed May 14, 1912.

#### Rehearing Denied October 1, 1912.

#### (126 Pac. 759.)

1.  **CARRIERS — Transportation of Live Stock — Action for Injuries—Parties.** Evidence examined, and held sufficient to show that the plaintiff is the real party in interest, and therefore the proper party to prosecute the action.

2.  **SAME—Care Required.** The mere fact that it is shown that the owner of a shipment of live stock accompanied the same does not relieve the carrier of any of its common-law liability, in the absence of proof that the shipper specially agreed, as a part of the contract of transportation, that he would care for the animals.

(Syllabus by the Court.)

*Error from Haskell County Court;*
*A. L. Beckett, Judge.*

Action by W. A. Pugh against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Edgar A. de Meules,* for plaintiff in error.

*Fred H. Fannin,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover damages for injuries to live stock, occasioned by delay in the transportation thereof. Upon trial to a jury, there was a verdict for the plaintiff, upon which judgment was rendered, to reverse which this proceeding in error was commenced.

The first assignment of error is that the court erred in overruling the demurrer of the defendant to the evidence of the plaintiff. This assignment is based upon the theory that the cause of action is improperly brought, because there is no evidence tending to show that the plaintiff was the owner of the

cattle, and therefore entitled to sue under the provision of the statute which provides that all actions must be prosecuted in the name of the real party in interest. We think there is sufficient evidence on that point. The evidence shows that the plaintiff delivered the cattle to the railroad company for shipment; that he accompanied them from the point of shipment to the point of destination; that at Warner, the point of destination, he was endeavoring to induce the railroad employees to place the car containing the cattle so it could be unloaded with convenience, and said to them:

"I told them that I was going to sue them if they didn't unload my cattle. There was some of my cattle down, and I wanted to get them unloaded that night."

In answer to the question, "How many cattle did you lose?" he answered: "Thirteen head. These that wasn't killed were worthless." There are other circumstances disclosed by the record that tend to show that the plaintiff was not only the consignor and consignee, but also the owner, of the shipment, and therefore, under the authorities, the real party in interest. 6 Cyc. 510; *Louisville, etc., R. Co. v. Wathen*, 49 S. W. 185, 22 Ky. Law Rep. 82; *Swift v. Pacific Mail Steamship Co.*, 106 N. Y. 206, 12 N. E. 583.

The next assignment is to the effect that the court erred in overruling the demurrer to the evidence, upon the ground that the same did not tend to show negligence on the part of the plaintiff in error. We think there was sufficient evidence on that point to take the case to the jury. Defendant's contention is based upon the theory that because the plaintiff accompanied the shipment proof that the cattle were received in good condition and received in bad condition at their destination was not sufficient to entitle the plaintiff to recover, but that he must also show that the injuries were caused from the defendant's negligence. We do not believe, however, that this case belongs to the class of cases to which that rule applies. This action, as is admitted by counsel for plaintiff in error, was solely for the purpose of recovering damages for a violation of a common-law duty by a common carrier of freight. It is true that the evidence shows that

the plaintiff accompanied the shipment; but it does not show that he accompanied it under any contract or arrangement with the carrier whereby he undertook to relieve it of any of its common-law liability. The cases cited by counsel for plaintiff in error belong to a well-known class which hold that, where the owner contracts with the carrier to take charge of the cattle during transportation and accompanies them for that purpose, he thereby relieves the carrier of part of its ordinary, common-law liability, and if injury arises by the negligence of the shipper in not giving the animals proper care the carrier will not be held liable therefor. We think, however, that in cases like this, where the carrier's common-law liability is not limited by contract, the company should be held to the degree of diligence and care that is ordinarily required of a carrier at common law. *Hendrick v. Boston R. Co.,* 170 Mass. 44, 48 N. E. 835; *Schaeffer v. Philadelphia, etc., R. Co.,* 168 Pa. 209, 31 Atl. 1088, 47 Am. St. Rep. 884; *Hance v. Pac. Exp. Co.,* 66 Mo. App. 486.

We have examined the record with considerable care, and are satisfied that on the whole the plaintiff in error has had a fair and impartial trial, and that no error has been committed that would justify this court in reversing the judgment of the court below.

The judgment of the court below is therefore affirmed.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.