## DALLAS v. MALERNEE.

No. 27144. May 4, 1937.

Rehearing Denied Sept. 14, 1937.

Prentiss E. Rowe, for plaintiff in error.

C. E. Mitchell and John W. Whipple, for defendant in error.

BAYLESS, V. C. J. W. E. Malernee instituted an action in the district court of Pawnee county, Okla., against James Dallas, to recover damages for injuries sustained as a result of the negligence of Dallas in the operation of his automobile, whereby the automobiles of the parties collided. The verdict of the jury was in favor of Malernee, and Dallas appeals.

Dallas assigns three grounds for reversal, to wit: (1) Error in refusing to grant a new trial; (2) the verdict is not supported by sufficient and competent evidence, and the evidence shows the plaintiff was guilty of contributory negligence; and (3) error of the court in excluding evidence as to the settlement.

Dallas' argument in support of the first ground is general and not specific. We are asked to review the record as a whole and to find that the verdict of the jury is contrary to the reasonable conclusion to be drawn from all of the evidence. In our opinion there was ample evidence introduced by each party to support the verdict of the jury in favor of either; and since the jury found for the plaintiff, this assignment of error is not well taken.

The defendant introduced evidence which, if believed by the jury, was sufficient to authorize the jury in finding that plaintiff was guilty of contributory negligence. By virtue of article 23, sec. 6, Const. of Oklahoma, the defense of contributory negligence, when evidence thereon is introduced, is always a question of fact, and evidence thereon shall at all times be left to the jury. In regard to the alleged insufficiency of evidence to support the verdict of the jury, we must hold that the defendant has waived this ground by his failure to demur to the evidence at the close of the case, or to move for an instructed verdict. The defendant demurred to the plaintiff's testimony thereof, but thereafter introduced testimony of his own and did not renew this demurrer or ask for an instructed verdict. The rule of this state thereon is as stated in Abraham v. Gelwich, 123 Okla. 248, 253 P. 84, and many other cases, to wit:

"Where the defendant demurs to the evidence in chief of the plaintiff and defendant afterwards introduces evidence and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict, on review in this court, is conclusive, so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

We now pass to the third assignment of error. In the defendant's answer we find the following:

"For further answer, the defendant alleges and states that although he was not liable in any degree or responsible for said collision, but in order to avoid expensive litigation and out of the generosity of his heart, he paid one _____, who was with driver of said plaintiff's automobile or was acting with plaintiff, the sum of $1,500, which was a full, complete and final settlement of any and all damages as a result of said collision and which was accepted by all parties, including the plaintiff, as a full, final and complete settlement."

At the time of the trial the defendant offered to make proof in support of this allegation. The substance of the offer of proof was to the effect that defendant settled with a son of plaintiff for injuries sustained by the son and members of his family, that the son made statements which led defendant to believe that the father (the plaintiff) was among those included in the settlement, and that the son assured him there would be no lawsuit after the settlement. In our opinion the trial court did not err in refusing to admit testimony as outlined in the offers. Even if the allegation of the answer could be construed liberally enough to include the plaintiff in the binding effect of the settlement by virtue of the agency of the person making the settlement, the offers fall far short thereof. A careful reading of these offers as set forth above

will disclose that they did not include the element of agency. Obviously the plaintiff could not be bound by what his son did and said in making his settlement with Dallas, unless it was first undertaken to show that the son had authority to represent his father and that such representations as the son made were within the scope of his authority.

Finding no error, the judgment of the trial court is affirmed.

The plaintiff in his brief asks for an affirmance of the judgment 'and for judgment upon the supersedeas bond. We find in the record a bond executed by Dallas as principal and S. Thornton, surety, conditioned for the payment of the judgment and costs. We therefore grant the motion of the plaintiff for judgment against said surety 'and hereby grant judgment against said surety in the same manner and to the same extent as the judgment against the principal is affirmed and direct the trial court to enter such judgment upon its docket accordingly.

OSBORN, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.