## DIERKSEN v. HOLLINGWORTH.

No. 28699. March 7, 1939.

Rehearing Denied March 21, 1939.

Tom E. Willis and A. O. Manning, for plaintiff in error.

Winfield Scott and John Butler, for defendant in error.

HURST, J. Plaintiff Hollingworth sued the defendant Dierksen for damages growing out of a collision between their automobiles. Judgment was asked for $6,250 for personal injuries and $250 for damage to plaintiff's automobile. The jury returned a verdict for plaintiff for $875, on which judgment was entered. Defendant appeals.

Defendant first contends that the court committed error in overruling the demurrer to the petition. This contention is without merit. The elements of actionable negligence are (1) a duty upon defendant to protect the plaintiff from injury, (2) a failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure. Chicago, R. I. & P. Ry. Co. v. Zirkle (1919) 76 Okla. 298, 185 P. 329; Atchison, T. & S. F. Ry. Co. v. Phillips (1932) 158 Okla. 141, 12 P.2d 908. Plaintiff pleaded the elements by alleging in the petition several distinct acts of negligence by defendant and that same were the proximate cause of the accident and resulting damages. The petition is sufficient, therefore, to withstand the demurrer.

It is next urged that the court committed error in admitting testimony that the injury to plaintiff's right leg, which sustained a compound fracture, was permanent when the petition did not so allege. Under the view we take of the case, we think it is unnecessary to decide whether the allegations were sufficient to justify the evidence complained of. It is not contended that the verdict is excessive. The record discloses that plaintiff was seriously injured; that he was confined to the hospital and his home for about four months; that he suffered severe pain for several months and continued to suffer some pain at the time of the trial, two years after the injuries were sustained; that he was a salesman earning approximately $100 per month prior to the accident and that he was unable to earn anything for about a year thereafter; that the damage to his automobile was about $175. It will thus be seen that the verdict in the sum of $875 was extremely moderate. Defendant does not point out wherein the admission of this evidence prejudiced him. Under such circumstances, this court will not reverse the judgment because of the admission of the evidence complained of, which went merely to the amount of the recovery. The error, if any, was harmless. Sections 252, 388, and 3206, O. S. 1931 (12 Okla. St. Ann. secs. 78 and 636 and 22 Okla. St. Ann. sec. 1068); Chicago, R. I. & P. Ry. Co. v. Owens (1920) 78 Okla. 50, 186 P. 1092.

The defendant next argues that the court committed error in overruling his demurrer to plaintiff's evidence. Plaintiff's evidence was to the effect that he was going west on his (north) traveled portion of the road; that defendant was traveling east and approaching him and was at the time on the north side of the road; that as they came closer together, plaintiff could not turn to his right and in order to avoid a collision turned to the left and was struck by defendant's car. This made out a case of primary negligence against the defendant. The question then was whether the plaintiff was guilty of contributory negligence in turning to the left. This was a question of fact for the jury under section 6, art. 23, of our Constitution. Thorp v. St. Louis & S. F. R. Co. (1918) 73 Okla. 123, 175 P. 240; Dallas v. Malernee (1937) 180 Okla. 532, 71 P.2d 492. Likewise, the question of proximate cause was for the jury, since reasonable men might draw different conclusions thereon. Oklahoma Natural Gas Co. v. Courtney (1938) 182 Okla. 582, 79 P.2d 235.

The defendant finally argues that the court committed error in refusing to give his eight requested instructions. We have carefully examined these requested instructions in connection with those given, and are of the opinion that the issues were sufficiently submitted in the instructions that were given. Garrett v. Haworth (1938) 183 Okla. 569, 83 P.2d 822. Some of the requested instructions invaded the province of the jury on the issue of contributory negligence and it would have been error to give them. Section 6, art. 23, Oklahoma Constitution.

Finding no substantial error in the record, the judgment is affirmed.

On motion of the plaintiff, judgment is also entered on the supersedeas bond.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, and DANNER, JJ., concur. RILEY, CORN, and DAVISON, JJ., absent.