## CAESAR v. PHILLIPS PETROLEUM CO.

No. 29346. June 18, 1940.

Rehearing Denied July 16, 1940.

*104 P. 2d 429.*

Frantz C. Conrad and John Staley, both of Oklahoma City, for plaintiff in error.

W. R. Withington, of Oklahoma City, for defendant in error.

HURST, J. This is an action by the plaintiff, Antone Caesar, against the defendants, Phillips Petroleum Company and Everett C. Rowe, for the recovery of damages for personal injuries sustained by plaintiff in an automobile collision. The trial court sustained the demurrer of Phillips Petroleum Company to plaintiff's evidence, and declared a mistrial as to Rowe. Plaintiff appeals from the judgment as to Phillips Petroleum Company.

Plaintiff's action was predicated on the concurrent negligence of Rowe and the driver of a gasoline truck belonging to Phillips Petroleum Company. The car in which plaintiff was riding was proceeding along a paved highway near Oklahoma City, a short distance behind the Phillips truck. Rowe was approaching from the opposite direction. The driver of the Phillips truck made a left turn to enter a private driveway, and Rowe, apparently to avoid striking the truck, swerved his car to the left and crashed head on into the car in which plaintiff was riding. Plaintiff charged that the driver of the Phillips truck was negligent in making the left turn in the face of approaching traffic, and that Rowe was negligent in driving his car to the left of the center of the road, and that plaintiff's injuries were occasioned by such concurring negligence.

Phillips Petroleum Company charges in its answer that the collision was caused by the negligence of Rowe, and contributory negligence on the part of the driver of the car in which plaintiff was riding.

The sole question presented is whether plaintiff's evidence was sufficient to make out a prima facie case of negligence on the part of the driver of the Phillips truck. In considering this question, we are governed by the rule that a demurrer to the evidence admits every fact which the evidence, in the slightest degree, tends to prove, and all inferences and conclusions which can be reasonably and logically drawn therefrom, and if there is a conflict in the evidence, that which is unfavorable to the party against whom the demurrer is directed is to be considered withdrawn. Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389; Wallace v. First Nat. Bank of Kingston, 167 Okla. 563, 31 P. 2d 135; Brown v. Wrightsman, 175 Okla. 189, 51 P. 2d 761.

A brief review of the evidence most favorable to plaintiff shows that the car in which plaintiff was riding was being driven by its owner, one Trochta, south on the highway at a speed of about 15 miles per hour. It was about 30 feet back of the Phillips truck, which was proceeding in the same direction at about the same rate of speed. The car of Rowe, driven by him, was proceeding north at a speed of 40 or 45 miles per hour. When the Rowe car was within about 100 feet of the Phillips truck, the driver of the truck made a left turn, seeking to enter a private driveway or road. He gave no warning sign of his intention to make this turn across the highway, although when Trochta attempted to pass the truck some 500 feet from the scene of the collision, and shortly prior thereto, the driver had made a motion with his hand which Trochta interpreted as a signal to stay back. Up to the time the truck made the turn all vehicles involved were on their proper side of the center line of the highway. When the truck turned to the left and in front of the Rowe car

approaching from the south, it failed to clear the lane of the highway in which Rowe was driving before Rowe arrived. Apparently to avoid a collision with the truck, Rowe pulled his car to the left and attempted to go around its rear end, thus bringing his car across the center line of the highway and into the lane occupied by Trochta's car. Trochta had not observed the Rowe car until it swung out from behind the truck. He immediately put on his brakes, which were in good order, and had slowed to about five miles per hour when the Rowe car, traveling at about 20 miles per hour, crashed into the Trochta car, with resulting injuries to plaintiff. The accident occurred during the daytime and the visibility was good. There was some evidence tending to show that the Phillips truck did not make a sharp turn, but started the turn some 15 feet distant from the entrance to the driveway it was attempting to reach, and angled across the highway, so that it advanced some 15 feet closer to the Rowe car before completing the turn. There is also evidence tending to show that Rowe did not commence to apply his brakes until he was some 60 feet from the truck.

The question of the sufficiency of the evidence in a case involving negligence to justify its submission to a jury for determination has been many times considered by this court, and the settled rule is that where the evidence is such that reasonable men may fairly differ as to whether negligence is thereby shown, the question is for the jury to decide. Pure Oil Co. v. Gear, supra; Wright v. Clark, 177 Okla. 628, 61 P. 2d 192. And when the evidence is sufficient to produce this result, a demurrer thereto should be overruled. Dierksen v. Hollingsworth, 184 Okla. 611, 89 P. 2d 358. The driver of a vehicle desiring to make a left turn across the highway between intersections should exercise extra precaution before attempting it, as such turns are less frequent than at intersections, and therefore not anticipated to the same extent by other travelers. McIver v. Allen, 33 Ariz. 28, 262 P. 5. See, also, Gibson Oil Co. v.

Westbrooke, 160 Okla. 26, 16 P. 2d 127; 2 Blashfield Cyclopedia of Automobile Law and Practice, pp. 283, 316, 317, §§ 1121, 1170, 1171.

Tested by the rules of law above announced, we consider the evidence produced by plaintiff sufficient to present a question for determination by the jury. Where the negligence of one person concurs with the negligence of another, resulting in an injury to a third person, the injured person may recover from either or both. Missouri Motor Dist. Co. v. Barker, 170 Okla. 183, 39 P. 2d 544; Burk Corp. v. Crutchfield, 153 Okla. 2, 6 P. 2d 1055; Northup v. Eakes, 72 Okla. 66, 178 P. 266. The jury in such case is entitled to determine whether the accident was caused by the negligence of either or both of the parties charged therewith. 45 C. J. 924; Hellan v. Supply Laundry Co., 94 Wash. 683, 163 P. 9.

From the evidence produced by plaintiff the jury might have found that the collision was caused by Rowe not having his car under control so that he could have stopped it before reaching the Phillips truck, or by the negligence of the Phillips truck driver in making his turn in front of the Rowe car instead of waiting until it had passed, or by the combined negligence of both. Hellan v. Supply Laundry Co., supra. We have carefully studied the evidence, and conclude that it is such that the minds of reasonable men might differ upon whether it showed negligence on the part of the Phillips truck driver. Therefore the trial court erred in sustaining the demurrer to the evidence.

Reversed and remanded for a new trial.

BAYLESS, C.J., WELCH, V.C.J., and OSBORN and DAVISON, JJ., concur.