KURN et al. v. MUNDY.

No. 29924.    Jan. 13, 1942.

*120 P. 2d 995.*

J. W. Jamison, of St. Louis, Mo., Cruce, Satterfield & Grigsby and W. T. Stratton, all of Oklahoma City, and O. E. Swan, of Muskogee, for plaintiffs in error.

Ralph A. Barney, of Pawhuska, for defendant in error.

OSBORN, J. This action was instituted in the district court of Osage county by H. H. Mundy, hereinafter referred to as plaintiff, against James M. Kurn and John G. Lonsdale, receivers and trustees of the St. Louis-San Francisco Railway Company, and the Midland Valley Railroad Company, hereinafter referred to as defendants, wherein plaintiff sought recovery of damages for injuries to cattle alleged to have occurred during the shipment of said cattle over the lines of defendant companies. The cause was tried to a jury, a verdict was returned in favor of plaintiff, and defendants have appealed.

There were five carloads of cattle involved herein; four of the cars were loaded at Frederick, in Tillman county, and the fifth car was loaded at Manitou, eight miles from Frederick. The destination of the shipment was Bovine, in Osage county, a distance by rail of 318.7 miles. The cattle left Frederick on February 8, 1937, at 3:45 p. m., and arrived at Bovine on February 10, 1937, at 10 a. m. The shipment moved from Frederick through Snyder and Oklahoma City to Tulsa over the lines of the Frisco. The cattle were transferred at Tulsa to the lines of the Midland Valley Railroad Company for shipment to Bovine, which is a small station near Pawhuska. It is noted that the time required for the shipment was approximately 43 hours.

The plaintiff alleged that on account of the negligence and carelessness of the defendants in the operation of their trains, the cattle sustained certain injuries; that three cows were dead when the shipment arrived at Bovine and one calf died shortly after being unloaded; that three more cows were badly crippled and 142 were damaged by being bruised and skinned and were so weak and sore and disabled when unloaded that it was necessary to keep them in pens for about a week before turning them out upon the range. Plaintiff alleged that when the cattle were delivered to defendants they were in good condition, having been taken from wheat pasture. Plaintiff alleged that he had been damaged in the sum of $971.50. The verdict of the jury was for $520, for which amount judgment was rendered.

The defendants denied the allegations of negligence and alleged that if any of the livestock died en route or were damaged in any manner, the same was due to the inherent vice, weakness, and natural propensities of said livestock, over which defendants had no control.

Plaintiff's evidence fairly sustained the allegations of his petition. Defendants did not deny the fact that the cattle were injured. Defendants' evidence was to the effect that the shipment moved on regular schedule in the usual and customary manner. It appears, in this connection, that the cattle were moved upon local freight trains; that these trains made frequent stops for the purpose of loading and unloading merchandise. The witnesses for defendants testified that the cattle were carried near the front of the trains, where they would sustain the minimum amount of jar caused by the switching of cars at the various stops made by the local freight trains.

As heretofore stated, the fact that the cattle were injured and damaged while en route is not disputed by defendants. Neither do the defendants contend before this court that the verdict of the jury is excessive in amount. Thus the issues for our consideration are considerably narrowed. The single issue presented is whether or not there is liability on the part of defendants for the injuries to the cattle. The fact that the cattle were delivered to the carriers in good condition is not disputed. As to the cause of the injuries, the plaintiff was permitted to testify as follows:

"Q. From your experience in cattle, do you feel that you are qualified to

testify concerning the cause of the condition in which you found these cattle on arrival back from Texas on or about the 11th day of February? A. I think I am, yes, sir. Q. Now, Dr. Mundy, basing your answer on your experience in the cattle business over the last eighteen or twenty years, I wish you would tell the jury what in your opinion caused the condition of the cattle that you found on February 11th? A. Well, the way the cows were bruised and skinned up, and I have as I say shipped a good many cattle and know how they switch these cattle once in awhile, and I would say that a portion or a great portion of these cows had been down in the cars and that the other cattle had walked on them and tromped on them and skinned them rather badly all over, and bruised them up pretty bad."

Another witness testified that he was experienced in the cattle business and in the shipment of cattle, and it was his opinion that the condition of the cattle was caused by rough handling of the trains. Defendants objected to the introduction of this evidence and have presented the ruling of the court thereon as one of their specifications of error on appeal. In the case of Schaeffer v. Philadelphia & Reading R. R. Co., 168 Pa. 209, 31 Atl. 1088, 47 Am. St. Rep. 884, it was held:

"In an action against a carrier to recover for injury to livestock during transportation, after evidence is presented to show that the animals were in good condition when received by the carrier, that the injuries were of recent occurrence, and not such as they would have inflicted upon each other, except involuntarily by being thrown down and trampled upon, or being jammed together by a collision or rough handling of cars, witnesses who have been for years engaged in shipping such animals, who know their habits and the causes likely to lead to their injury while on cars, and who saw the injured animals when they were unloaded, are competent to express an opinion as to the cause of the injuries."

We conclude that there was no error committed in the admission of the evidence above referred to. It may be here pointed out that although defendants alleged that the injuries to the cattle

were due to the vice, weakness, and natural propensities of the animals, no evidence whatsoever was introduced to sustain the contention.

The issues of the liability of defendants for the damages resulting from the injuries to plaintiff's cattle were submitted to the jury under proper instructions. We cannot say that the finding of the jury in this respect is unsupported by competent evidence.

Defendants urge that the trial court erred in the admission of certain evidence as to the value of the dead animals. Argument is made that the true measure of such damages is the market value at the point of destination, and while the witnesses testified as to the value of said animals, that testimony was not confined to the value thereof at the point of destination. Further complaint is made with reference to the admission of certain evidence relating to the amount of damage to the injured cattle. In the case of Dierksen v. Hollingsworth, 184 Okla. 611, 89 P. 2d 358, we held:

"Error in the admission of incompetent evidence as to the amount of damages sustained in a negligence action will not justify a reversal where the verdict is not excessive."

In the instant case we have heretofore pointed out that there is no contention that the verdict is excessive; therefore, the error, if any, in the admission of the evidence relating to the amount of damages would be harmless error and would not justify a reversal of this cause.

There is considerable argument in the brief with reference to the admission of evidence relating to delay in the shipment of the cattle. It appears that the cattle were unloaded, fed, watered, and rested at Tulsa and a feed bill of $11.50 was thus incurred. It is claimed that except for the delay it would have been unnecessary to incur said feed bill. This is the only item of damage predicated upon the issue of unnecessary delay. The verdict was not itemized, and we cannot ascertain whether or not this amount

74

was included therein; therefore, the issue of damages resulting from unnecessary delay is not properly before us.

Various other contentions have been examined and are without substantial merit.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.