## CAIN v. DANUSER.
No. 35671.

Supreme Court of Oklahoma.
Nov. 10, 1953.

A. R. Swank, A. R. Swank, Jr., E. C. Swank, Stillwater, for plaintiff in error.

Leon J. York, and Guy Horton, Stillwater, for defendant in error.

ARNOLD, Justice.

Jack Danuser brought this action in the District Court of Payne County against Jerry Cain for damages for personal injuries growing out of an automobile collision.

In support of the allegations of his petition plaintiff's evidence is that he was driving a two-ton butane truck on Highway 33 east of Coyle; that as he topped a little hill he saw defendant's truck about a quarter of a mile ahead of him going in the same direction; that the highway was clear and open between them; that he was traveling about 40 miles per hour; that defendant's truck was traveling about 10 miles per hour; that he overtook defendant's truck, sounded his horn, and started to pass; that when his truck got almost even with the back of defendant's truck defendant held out his left hand and started to turn into a driveway about 20 feet in front of plaintiff; that that was the first indication defendant had given that he intended to make a left turn; that it was too late then for plaintiff to avoid hitting defendant; that defendant turned his truck right across the highway in front of plaintiff; that plaintiff's truck hit defendant's truck in the middle, then pulled to the left and turned over in the ditch on the north side of the highway; that defendant's truck was knocked to the north side of the highway by the impact; that the point of impact was directly in front of the lane going into the house; that defendant told the Highway Patrolman who investigated the accident that he did not see plaintiff's truck coming and that when he started to turn into the driveway he stuck out his hand and that he did not know he was required to signal 100 feet before he made any turn.

Certainly this evidence was reasonably sufficient to show negligence and proximate relationship to the damages, not detailed herein because unquestioned. Defendant's demurrer to the evidence was properly overruled.

In support of the allegations of his answer and cross petition defendant's evidence is that he signalled his intention to make a left turn two hundred feet before he started the turn; that before he made the signal he looked to see if anyone were coming and saw no cars; that as he started to make the turn something hit his truck in the rear; that he asked plaintiff if he did not see his signal and plaintiff said he did but did not see it in time.

Obviously the testimony of defendant merely created a conflict in the evidence. The jury returned a verdict in favor of plaintiff and against defendant for $6,700 and judgment was rendered on the verdict.

Defendant's sole contention is that the court erred in overruling defendant's demurrer to the evidence and his motion for a directed verdict because the evidence shows that the accident and plaintiff's injuries proximately resulting therefrom were caused by plaintiff's negligence and

that defendant was guilty of no wrong doing. The evidence on the point was in direct conflict and was therefore a question of fact for the jury. Caeser v. Phillips Petroleum Co., 187 Okl. 559, 104 P.2d 429. Plaintiff's evidence is sufficient to sustain the verdict of the jury and the judgment based thereon.

Affirmed.