## Paramount Dress Company *v.* Kirby & Kirby, Inc., Appellant.

Argued October 2, 1950. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ. (Gunther, J., absent).

*Lynn L. Detweiler*, with him *Swartz, Campbell & Henry*, for appellant.

*Thomas R. White, Jr.*, for appellee.

OPINION BY DITHRICH, J., November 14, 1950:

The question presented by this appeal is whether defendant-appellant, a common carrier, effectively limited its liability for the loss in transit of certain goods delivered to it by plaintiff-appellee for shipment in interstate commerce.

Defendant received from plaintiff in Philadelphia six separate shipments of rayon silk dresses to be forwarded to various consignees in New York. Defendant had filed a rate schedule duly approved by the Interstate Commerce Commission and duly published by defendant, wherein the rate for shipment of these articles was dependent upon value in accordance with Released Rate Orders of the Commission. For each shipment plaintiff received a bill of lading with the following notice printed on its face:

"Note—Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. On articles described in Interstate Commerce Commission Released Rate Orders M C No. 13 dated May 25, 1936 and M C No. 64 dated May 12, 1937 the liability of this company is limited to $50.00 for any shipment of 100

lbs. or less or not exceeding 50¢ per lb. actual weight, for any shipment in excess of 100 lbs. If a greater valuation is herein declared by the shipper on this bill of lading the transportation charge will be 10¢ for each $100.00 or fraction thereof in excess of the valuation to which the base rate applies.

"The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding ———— Per ————."

No declaration of value was made in the blanks provided therefor. Nor did any of the bills of lading contain any information in the columns marked "Weight" or "Class or Rate." No shipping charges were paid, as each bill contained a check-mark in the space below the word "Collect."

Defendant having failed to deliver some of the goods, plaintiff brought suit in assumpsit for their actual value, which the parties agreed was $1375.75. Defendant contended that its liability was limited by the bills of lading to 50 cents per pound, or a total of $250.00. The facts were agreed upon and submitted to the court below in a case stated. Judgment was entered in plaintiff's favor for $1375.75.

The policy of the common law of Pennsylvania favored the shipper in a case such as the one at bar, and this was true even where interstate commerce was involved. The rule permitting a limitation of liability by the carrier was considered to be a "federal rule" only and not binding upon the courts of this State in the absence of congressional action upon the subject. *Wright v. Adams Express Co.,* 230 Pa. 635, 79 A. 760; *Dodge v. Adams Express Co.,* 51 Pa. Superior Ct. 481. The decision of the United States Supreme Court, however, in *Adams Express Co. v. Croninger,* 226 U. S. 491, which will be considered in detail hereafter, definitely established that Congress *had* legislated upon the sub-

ject,[1] and that federal statutes and federal decisions must therefore control the determination of such an issue. So clear was the *Croninger* case on the point that a reargument was had in the *Dodge* case, 54 Pa. Superior Ct. 422, and judgment modified so as to recognize the carrier's limited liability. Shortly thereafter this Court again had occasion to consider the *Croninger* decision in *Wright v. Adams Express Co.,* 54 Pa. Superior Ct. 485. The Court there said, at pages 490, 491: "The decisions of that tribunal construing a statute of the national congress are the paramount law of the land and must be followed by the courts of every state. The necessary effect of these decisions is now to require us to hold that where the published rates of an express company are fixed on the basis of an agreed on value of the package to be carried, unless a higher value be stated and a corresponding rate paid, the amount of the value so fixed in the bill of lading is the limit of a plaintiff's right of recovery."

The controlling statute is the second Cummins Amendment (Act of August 9, 1916) to the Interstate Commerce Act, 49 U.S.C.A. §20 (11). The Act as amended holds the carrier liable to the shipper for any loss, "notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value . . .; and any such limitation . . . is [hereby] declared to be unlawful and void: . . . Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or

---

[1] The Carmack Amendment (Act of June 29, 1906) to the Interstate Commerce Act, 49 U.S.C.A. §20 (11), required carriers in interstate commerce to issue receipts or bills of lading, made the initial carrier liable to the lawful holder of a receipt or bill for any loss caused by it or by any connecting carrier, and forbade *exemption* from liability by contract.

representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply . . . to property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall [hereafter] be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value *declared in writing by the shipper or agreed upon in writing as the released value of the property,* in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released . . ." (Italics supplied.)

In the case at bar no value was "declared in writing by the shipper." The question, then, is whether the bills of lading show a value "agreed upon in writing as the released value of the property."

The cases which have found an agreement as to value in the absence of a declaration of value seem to be based on one or both of two theories. First, the terms relied on as constituting the agreement have been found to be "fair, open, just and reasonable." *Adams Express Co. v. Croninger,* supra, page 509. A further requirement is specified in *Atlantic Refining Co. v. Pennsylvania R. R. Co.,* 270 Pa. 415, 418, 113 A. 570, namely, that the contract be "unequivocal and unambiguous, leaving nothing to implication or inference, and not open to any reasonable doubt as to the intention of the parties." Second, the shipper has been found to have prepaid charges assessed at the lower valuation and thereby estopped himself from asserting a right to recover actual value. The following cases illustrate the application of these theories.

In *Adams Express Co. v. Croninger,* supra, it does not appear whether or not the charges were prepaid. The decision seems to rest on the following provision of the bill of lading: "In consideration of the rate

charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein." Such a provision fairly, openly and unequivocally constitutes a value "agreed upon in writing as the released value of the property."

The Court said at pages 508, 509: "The receipt which was accepted showed that the charge made [indicating, perhaps, that charges were prepaid] was based upon a valuation of fifty dollars unless a greater value should be stated therein. The knowledge of the shipper that the rate was based upon the value is to be presumed from the terms of the bill of lading and of the published schedules filed with the Commission." And at page 511: "... it would be unjust and unreasonable, and would be repugnant to the soundest principles of fair dealing and of the freedom of contracting, and thus in conflict with public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and to repudiate it in case of loss."

The *Croninger* case was decided prior to the second Cummins Amendment, but the common law as declared by the Court and applied under the Carmack Amendment is nevertheless relevant to the question of what constitutes an agreement in writing as to released value.

*American Express Co. v. United States Horse Shoe Co.,* 244 U. S. 58, reversing 250 Pa. 527, 95 A. 706, and *American Railway Express Co. v. Lindenburg,* 260 U. S. 584, are illustrative of cases involving prepaid shipments. The following quotations indicate the weight attached by the Court to that factor.

From the *United States Horse Shoe Co.* case at page 64: ". . . the shipper obtained the lowest possible rate by making no valuation and accepting the primary limit of value stated in the contract by the carrier." At page 65: ". . . the shipper should not have been permitted, after obtaining the lowest possible rate based upon a valuation to which his right of recovery in case of loss was limited, to recover upon the happening of the loss an amount wholly disproportionate and inconsistent with the rate paid contrary to the express terms of the contract . . ."

From the *Lindenburg* case at page 592: "Having accepted the benefit of the lower rate dependent upon the specified valuation, the respondent is estopped from asserting a higher value. To allow him to do so would be to violate the plainest principles of fair dealing."

Since in the case at bar the limited liability rate was neither entered in writing on the bills of lading nor paid, there are no facts on which to predicate an estoppel.

A recent case which is almost identical to the one under consideration is *Loeb v. Friedman's Express, Inc.,* 187 Misc. 89, 65 N. Y. S. 2d 450, affirmed without opinion in 296 N. Y. 1029, 73 N. E. 2d 906, cert. denied 331 U. S. 851. There a bill of lading was issued by the carrier and received and signed for by the shipper. The bill contained the following notice:

"Note—Where the rate is dependent on value shippers are required to state specifically in writing the agreed value of the property.

"The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $———— per ————."

The blanks were not filled in, and the charges were not prepaid. In holding that no limitation of liability had been effected, the Court said, 65 N. Y. S. 2d at pages 454, 455:

"Here the charges constituting the freight rate were not entered in writing on the bill of lading, nor were those charges prepaid by the shipper. It could not be said, therefore, that having accepted the benefit of the lower rate dependent upon a specified valuation, the shipper is estopped from asserting a higher value; nor could it be said in this case, even on the basis of a presumption of knowledge on the part of the shipper of the rate-valuation relationship, that there was anything in writing on the bill of lading to constitute an agreement as to valuation.

"In order to sustain a limitation of liability in this case we should be obliged to go beyond the earlier cases and to hold that where a bill of lading in the form here used, received by the shipper and signed by him, contains a legend calling for the declared value to be stated by the shipper, which value is not inserted, that in itself is tantamount to a declaration in writing of the value of the shipment on the basis of the minimum tariff. The statutory language has no such meaning.

"Liberality in the construction of a statute such as is here involved may be desirable, but that process may not be stretched to the point of disregarding its plain provisions. In the guise of judicial construction a court should not rewrite a statute."

The similarity between the two cases is obvious, the only difference being that the second and third sentences of the notice in the case at bar do not appear in the notice in the *Loeb* case. Appellant argues that those two sentences, taken with the rest of the notice, are sufficient to spell out an agreement. The court below takes what seems to be the sounder view, that those sentences are merely a condensation of, or abstract from, the rate schedules, which the shipper is presumed to know anyway. *Adams Express Co. v. Croninger,* supra.

The statute imposes the rule of full liability. The exception, as to a declared or agreed upon released value, is clearly defined and should be strictly complied with. The defendant in this case has not brought itself within the terms of the exception.

Judgment affirmed.