## Gastwirth *v.* P. Mashbitz & Sons, Inc., Appellant.

Argued November 21, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

446

*James L. Price*, with him *Steinberg, Richman, Price & Steinbrook*, for appellant.

*Peter C. Paul*, with him *George M. Brodhead*, and *Rawle & Henderson*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 11, 1964:

Gastwirth Bros. delivered to the defendant-appellant, P. Mashbitz & Sons, Inc., cartons containing children's coats with a wholesale value of $10,687.50. The defendant-appellant is a common carrier authorized to make local deliveries in the Philadelphia County area and to deliver to other carriers for transport to other parts of the Commonwealth and elsewhere. At some point prior to delivery at the intended destinations, the goods delivered to Mashbitz disappeared.

Gastwirth sued Mashbitz in assumpsit seeking damages for the loss of the shipped merchandise. A non-jury trial resulted in a verdict for Gastwirth in the amount of $10,687.50, with interest. Mashbitz' exceptions were dismissed and judgment was entered on the verdict; this appeal followed.

The appellees contend that the common law rule as to carriers applies in this case, and that the carrier is liable for any loss in transit not occasioned by an act of God or by war or public enemy.[1] The appellant, on the other hand, contends that under the Pennsylvania Public Utility Law, a carrier can limit its liability by (1) establishing and charging a lower rate for shipping

---

[1] This common law rule is also incorporated in the Pennsylvania Public Utility Code §407, 66 P.S. §1177.

goods with a maximum valuation; and (2) requiring the shipper to stipulate in writing the value of the merchandise shipped.

The problems for us then to consider are: (1) did the carrier impose a lower rate on the merchandise shipped by Gastwirth; and (2) did the shipper, Gastwirth, indicate in writing the value of the merchandise. If we do not find both conditions present, the common law rule, as incorporated in the Public Utility Law, must prevail. These guidelines are very specifically set out in the Pennsylvania Public Utility Law, §407, 66 P.S. §1177, and by the Superior Court in *Paramount Dress Co. v. Kirby & Kirby, Inc.,* 167 Pa. Superior Ct. 524, 76 A. 2d 432 (1950), a case which deals with a problem similar to the one before this court, arising under the Interstate Commerce Act.

We have examined the evidence in this case and we must agree with the finding of the court below that the lower rates which are charged to permit limited liability were not charged in this case. The plaintiff was charged the higher rate upon which liability may not be limited.

There were two sets of documents offered in this case. The plaintiffs-appellees offered the receipts given to them by the carrier. These receipts were found by the court below to be bills of lading as defined in §1-201 of the Uniform Commercial Code, 12A P.S. §1-201, as a "document evidencing the receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods". Certainly the exhibits offered by the plaintiff meet the above definition. However, the defendant-appellant introduced exhibits which were printed with the name of Gastwirth Bros. These exhibits recited a value of $50 per shipment. The appellant contends that these exhibits are sufficient to bring the case within the limited liability provisions of the Public Utility Law. However,

these exhibits fail to meet the test of a bill of lading as provided above in the Uniform Commercial Code. The document does not evidence receipt of goods, but, rather, evidences transmission. The document was not issued by the carrier or "person engaged in the business of transporting or forwarding goods" but, rather, these documents, which the appellant makes so much of, were issued by the shipper, not the carrier.

We need not at this time pass on the propriety of the writings offered because the failure to charge a lower rate removes this case from the limited liability provision of the Public Utility Law.

In order to make the limited liability provisions of the Public Utility Law applicable, all of the specific requirements must be satisfied.

In the case at bar, the requirement of a lower rate was not met; therefore the common law rule remains applicable.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

Here the shipper-appellee apparently was not satisfied with the services rendered by the forwarder and engaged a local carrier to pick up its merchandise for delivery to the freight docks of the forwarder. The shipper agreed upon a released value in the bill of lading form which it prepared. I would hold that such a declaration or agreement in writing as to the value of the goods applies while the goods are in the possession of the local carrier. Thus, the recovery by the shipper should be limited to the declared amount since the local carrier imposed a rate lower than would have been charged if the merchandise were declared at its real value.

Even though the shipper could have had his shipment picked up by the forwarder and the shipper would not have been obligated to pay additional compensa-

tion to the forwarder for such pickup, nevertheless the shipper selected the local carrier to transport his shipment to the forwarder's docks at an additional cost to the shipper of fifty-five cents per package. I do not construe the evidence as does the majority so as to determine that the fifty-five cents per package paid to the local carrier constituted a charge of a higher rate and thus relieve the shipper of his agreed release value. *Paramount Dress Co. v. Kirby & Kirby, Inc.,* 167 Pa. Superior Ct. 524, 76 A. 2d 432 (1950), relied upon by the majority, has no value as a precedent here. There the agreed upon released value was not filled in. Here the shipper itself filled in the released value and I would hold that it is bound thereby.

I dissent.

Mr. Justice ROBERTS joins in this dissenting opinion.