**Elizabeth BRANNON, Plaintiff-Appellee,**

v.

**SMITH DRAY LINE & STORAGE COMPANY, Inc., Defendant-Appellant.**

**No. 71–1689.**

United States Court of Appeals,
Sixth Circuit.

March 1, 1972.

Louis I. Dailey, Memphis, Tenn., for defendant-appellant; James O. Garner, Memphis, Tenn., on brief; Garner & Ashford, Memphis, Tenn., of counsel.

Boyd L. Rhodes, Jr., Memphis, Tenn., on brief, for plaintiff-appellee; Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., of counsel.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

This is an appeal from a $7,000 judgment entered after the non-jury trial of an action by a shipper against a motor vehicle common carrier. The shipper sought damages for the destruction by fire of her household goods that were being transported by defendant from Greenville, South Carolina, to Memphis, Tennessee.

On appeal, the carrier raises the following issues. First, it contends that the shipper was bound by the limitation of value typed into the bill of lading that the shipper signed, which represented the agreement reached by the parties based upon a written estimate the carrier asserts its agent prepared and gave to the shipper two weeks before the move. Second, it contends that the proof-of-loss statement signed by the shipper after the destruction of the goods either released appellant from any liability above that contained in the bill of lading or constituted an accord and satisfaction that had the same effect. Third, it argues that appellee's evidence of the value of the goods was insufficient to support the court's determination of damages.

In a comprehensive memorandum, the district judge made findings of fact in which he credited the shipper's testimony that she had not been given a copy of the written cost estimate or a copy of the *Notice to Shippers of Household Goods* required by the Interstate Commerce Commission to be furnished to all prospective shippers of household goods in interstate commerce. He also credited her testimony that appellant's agent did not adequately advise her concerning her opportunity to choose a valuation for her goods that would represent a limitation on the carrier's liability, and that the agent had assured her that the rate he suggested would afford her sufficient insurance coverage, which she understood to be supplemental protection to the carrier's responsibility for the entire loss. The district judge further credited her testimony that defendant's insurance agent who obtained appellee's signature on the proof-of-loss form and release after the fire knew that she disputed the valuation he placed on the goods and told her that the release would not affect her claim against the carrier.

■■ In light of these findings, together with the fact that the carrier had typed in the valuation figure on the bill of lading rather than allowing the shipper to write that figure herself as provided in the printed instructions for completion of the document, the court held that the shipper was not bound by this valuation because the carrier had not complied with the requirements of the Carmack Amendment, 49 U.S.C. § 20(11), and applicable Interstate Commerce Commission regulations. The court also held that the shipper was not bound by the insurance company's release that she signed because of the insurance agent's misrepresentation of its purpose and because of appellee's lack of intent to surrender her claim against appellant for the entire value of her goods.[1] Finally, the court determined that appellee sufficiently proved the amount of her loss.

We recognize that appellee's version of events was hotly disputed, but we do not

---

1. We observe, moreover, that the proof-of-loss form contains a statement purporting to release only the insurance company from further liability, not the carrier. However, the form also contains a provision stating that "[i]n consideration of the payment of the loss herein described, if such payment is made, all right, title and interest of the insured in the property lost or destroyed shall inure and pass to said insurer." The District Court did not reach the question whether appellee's signature on this form assigned her claim to the insurance company, and we find it unnecessary to do so here.

review the District Court's findings *de novo*. From our review of the record and consideration of the briefs and arguments of the parties, we determine that the findings of fact are not clearly erroneous, and we find no error in the conclusions of law.

Affirmed.