407 A.2d 397

**Richard H. HIGHTOWER**

v.

**BEKINS VAN LINES CO., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1978.

Decided June 29, 1979.

Petition for Allowance of Appeal Granted Oct. 12, 1979.

Reargument Denied Oct. 26, 1979.

Denis V. Brenan, Philadelphia, for appellant.

Leonard S. Wissow, Philadelphia, for appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

VAN der VOORT, Judge:

I. *On the Appellee's Application to Dismiss the Appeal or to Strike Matters from Appellant's Brief*

We will not grant the Application to Dismiss the Appeal, and will consider the appeal on its merits. We tend to agree with appellee that the appellant's reference to an insurance company as the real party in interest is inconsistent with the record, as established by the pleadings filed by the parties; but we note (page 55 of the transcribed oral argument before Judge Chalfin) that defendant's attorney stated in the lower court, without challenge, that "this is a subrogation case."

Whether the "real party in interest" is, completely or partially, Major Hightower, or an insurance company, or the United States Government ought not, and we trust has not affected the exercise of judgment by Judge Chalfin, or by this Court, in the resolving of a question of law on a stated case.

II. *On the Merits of the Case*

This is an action in assumpsit submitted to the lower court on the following stipulation of facts:

"On June 10, 1969, plaintiff, a Major in the United States Army, under government contract authorized the government to move his goods which were shipped by the defendant, a Government approved Motor Vehicle Common Carrier from Los Angeles, California to Philadelphia, Pennsylvania. The shipment was made under Government Bill of Lading No. F0212852 and Uniform Household Goods Bill of Lading No. 152932. Neither Bill of Lading was signed by plaintiff. True copies of both Bills of Lading are attached hereto and may be considered to be admitted into evidence as Exhibits 'A' and 'B', respectively. Shipping charges were not prepaid.

Defendant was operating under the authority of, and subject to, the regulations of the Interstate Commerce Act, 49 USCA Sec. 1 *et seq.*, as amended by the Second Cummins Amendment and the Cormack Amendment, 49 USCA Sec. 319, *et seq.* and Sec. 22 of Interstate Commerce Act.

When plaintiff's shipment was delivered at its destination, it was discovered that certain articles of household goods were missing and others were damaged and broken. The amount of the full actual loss and damage to plaintiff's goods was $14,868.83 and the sole question presented to the Court for judgment is one of law: whether defendant is liable to plaintiff in damages for this amount or whether the amount of its liability has been effectively limited by the provisions of Sec. 20(11) of the Interstate Commerce Act, as amended, 49 USCA Sec. 20(11).

Also deemed to be admitted into evidence as Exhibits 'C', 'D', 'E' and 'F', respectively, copies of which are attached hereto, are the Interstate Commerce Commission's Released rates Order No. MC–505 entitled 'Released Rates of Motor Common Carriers of Household Goods' and part 176 'Transportation of Household Goods in Interstate or Foreign Commerce' contained in Code of Federal Regulations Title 49—Transportation, parts 165 to end. Revised as of January 1, 1967 and 'Military Rate Tariff 1E' and No. 126–A, MF–I.C.C. No. 142. True copies of this order and the section of the Code of Federal Regulations are attached hereto.

In accordance with the facts stated here, the documents in evidence and the law (which will be presented and argued by briefs of counsel), the Court is requested to enter judgment in one of the following alternatives:

(a) If the Court be of the opinion that plaintiff is entitled to recover the full actual loss and damage to the shipment, then judgment is to be entered for plaintiff in the sum of $14,868.83; or

(b) If the Court is of the opinion that the liability of defendant is limited to an amount not exceeding $1.25

times the weight of the shipment in pounds, then judgment is to be entered for plaintiff in the amount of $6,650.00; or

(c) If the Court be of the opinion that the liability of defendant is limited to an amount not exceeding $.60 per pound, then judgment is to be entered for plaintiff in the amount of $3,192.00.

Judgment shall be in the amount as decided by the Court, with interest from July 29, 1969, if the Court finds interest appropriate.

Both plaintiff and defendant reserve the right to appeal."

The record includes three business records purportedly applicable to the involved issue of law.

1. Exhibit A of the Stipulation: (Item 13a in Appellee's brief) Government Bill of Lading No. F0212852, dated 5 June, 1969; stated shipper T.O. (Transportation Officer), Ft. McArthur, San Pedro CA, and signed in his behalf by an apparently authorized agent for the T.O. ("Dorothy N. B. . . ) The stated consignee is Maj. Richard H. Hightower. The "Tariff or Special Rate . . . is stated to be 'H G C B MRT 1E'", and the total "Tariff" or shipping charge is $1,251.02.

At page 16a of appellant's brief "HGCB–MRT 1E" is indicated to be publication of "Household Goods Carrier Bureau", titled "Military and Government Rate Tariff No. 1–E", issued February 3, 1969, Effective May 1, 1969. Item 9 of that publication reads in pertinent part as follows:

"ITEM 9 DECLARED OR RELEASED VALUE ON SHIPMENTS MOVING ON GOVERNMENT BILLS OF LADING, GOVERNMENT PURCHASE ORDER, OR COMMERCIAL BILLS OF LADING ENDORSED TO BE CONVERTED TO A GOVERNMENT BILL OF LADING PRIOR TO DELIVERY

(a) Shipments moving on Government Bills of Lading, Government Purchase Orders or Commercial Bills of Lading endorsed to be converted to a Government Bill of Lading prior to delivery, will be deemed released to a

value of 60 cents per pound per article, unless otherwise specifically annotated thereon.

(b) If the shipment is expressly released to a declared lump sum value for the entire shipment, and the value declared is less than $1.25 times the net weight (in pounds) of the shipment, such declaration will be ineffective, and the shipment will be deemed instead to have been released to a declared lump sum value equal to $1.25 times the net weight (in pounds) of the shipment.

(c) When the shipment is expressly released to a valuation in excess of 60 cents per pound per article, additional valuation charges as provided for in Item 190 hereof will apply.

(d) The carrier's maximum liability shall be either, (1) $1.25 times the net weight (in pounds) of the shipment or the declared lump sum value, whichever is greater; or (2) sixty (60) cents per pound for the net weight of any lost or damaged article or articles if the shipment has not been expressly released to a declared lump sum value . ."

2. Exhibit B of the Stipulation (Item 14a of appellant's brief). "Uniform Household Goods Bill of Lading and Expense Bill," No. 152932.

The copy of this item which is printed in Appellant's Brief is largely illegible. It is on a Bekins Van Line form. It lists Major Hightower as "Shipper" and as "Consignee". It is unsigned except for a scrawl at the left bottom which may be somebody's initials. The billing charge appears to be $1,251.02. There is some illegible fine type just above left center which starts out "Notice . . ."; below which is a line above which is typed "60 per lb" and then this language:

"Notice: The Shipper signing this contract must insert in the space above, in his own handwriting, either his declaration of the actual value of the shipment or the words '60 cents per pound per article'. Otherwise the shipment will be released to a maximum value equal to $1.25 times the weight of the shipment in pounds."

Below that is a blank for signature of the shipper, which is unsigned; and typed in is: "See File."

3.  Exhibit "A" of defendant's Answer to Complaint and New Matter.  (Item 20a in Appellant's Brief).  This is an "Order for Service" on a Bleeker form, dated 6/10/69.  The stated "shipper" and "consignee" is Major Hightower.  The bill is to be invoiced to "U. S. Army Finance Center . . Indianapolis, Ind.", and credit for the charges is approved.

The applicable rate is stated to be "No. MRT1–D Sec. III"

Paragraph 8 reads as follows:

"NOTICE:  UNLESS THE SHIPPER EXPRESSLY RELEASES THE SHIPMENT TO A VALUE OF 60 CENTS PER POUND PER ARTICLE, THE CARRIER'S MAXIMUM LIABILITY FOR LOSS AND DAMAGE SHALL BE EITHER THE LUMP SUM VALUE DECLARED BY THE SHIPPER OR AN AMOUNT EQUAL TO $1.25 FOR EACH POUND OF WEIGHT IN THE SHIPMENT, WHICHEVER IS GREATER.  THE SHIPMENT WILL MOVE SUBJECT TO THE RULES AND CONDITIONS OF THE CARRIER'S TARIFF.  SHIPPER HEREBY RELEASES THE ENTIRE SHIPMENT TO A VALUE NOT EXCEEDING

<u>$60 cents per lb—gov't self insured</u>

TO BE COMPLETED BY THE PERSON SIGNING BELOW

NOTICE:  THE SHIPPER SIGNING THE CONTRACT MUST INSERT IN THE SPACE ABOVE, IN HIS OWN HANDWRITING, EITHER HIS DECLARATION OF THE ACTUAL VALUE OF THE SHIPMENT OR THE WORDS '60 CENTS PER POUND PER ARTICLE' OTHERWISE THE SHIPMENT WILL BE DEEMED RELEASED TO A MAXIMUM VALUE EQUAL TO $1.25 TIMES THE WEIGHT OF THE SHIPMENT IN POUNDS.

SHIPPER X <u>   Richard H. Hightower   </u>  DATE <u>   10 June 69   </u>"

The words "60 cents per lb.—Govt self insured" are in somebody's handwriting.  The signature at the bottom is that of the plaintiff.  The authenticity of this "Order for Service" is admitted by Plaintiff in his Reply to New Matter (Item 4a ¶ 10).

■  The lower court's opinion starts with a statement, with which we agree, that the common law rule is that common carriers are normally held strictly liable for the full value of goods lost or damaged.

The lower court then points to a modification of the common law rule, with respect to interstate shipments, the so-called Second Cummins Amendment to the Interstate Commerce Act, 49 U.S.C.A. § 20, paragraph (11).  The statute begins by stating in effect that a Common Carrier is liable to the lawful holder of a bill of lading for "the actual loss, damage or injury to" property received by the carrier

for interstate shipment; and that no contract or limitation of such liability is legally effective, subject, however, to this exception:

"Provided, however, that the provisions hereof respecting liability for full actual loss . . . notwithstanding any limitation of liability . . ., and declaring any such limitation to be unlawful and void, shall not apply . . . to property . . . received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commissioner to establish and maintain rates dependent upon the value declared in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released . . ."

The lower court concluded that the carrier (defendant) was not, in "strict compliance" with "the applicable (Interstate Commerce Commission) Order in that the plaintiff did not complete in his own handwriting the $.60 per pound damage limitation nor did he sign the limitation of damages at $1.25 per pound . . ." (Judge Chalfin's opinion, page 5), and that a showing of "substantial compliance" was insufficient to give defendant the benefit of the statutory exemption from liability for the actual value of the goods.

Judge Chalfin relied on this Court's decision in *Paramount Dress Co. v. Kirby & Kirby, Inc.,* 169 Pa.Super. 524, 76 A.2d 432 (1950). In that case, the court refused to allow the carrier a limitation of liability because the blanks in the bill of lading relating to the declared value of the property had not been filled in. Said Judge Dithrich, (167 Pa.Super. at 532, 76 A.2d at 436):

"The statute imposed the rule of full liability. The exception, as to a declared or agreed upon released value, is clearly defined and should be strictly complied with. The defendant in this case has not brought itself within the terms of the exception."

We believe that *Paramount Dress Co.* is not applicable to this case for the reasons stated hereafter.

It seems reasonably clear from all of the documents in evidence that the goods in question were shipped on the U. S. Government Bill of Lading No. F–0, 212, 852 on a "Tariff or Special Rate" of "HGCB MRT 1E". Item 9, (a) quoted above, limits the value of the goods to 60 cents per pound, "unless otherwise specifically annotated thereon"—and there is no such annotation.

The Bekins "Bill of Lading and Expense Bill", unsigned by anybody for the shipper, or for the carrier, we consider more a memorandum than a contract between the parties. It appears to be of no legal significance in deciding this case.

The "Order for Services" dated June 10, 1969 contains in paragraph 8 a written and signed agreement by Major Hightower limiting his losses to 60 cents per pound. Certainly this constitutes a

> ". . . value declared *in writing* by the shipper or agreed upon *in writing* as the released value of the property . . ." (Emphasis supplied)

as required by the Second Cummins amendment, supra, 49 U.S.C.A., § 20, par. 11.*

■ This written agreement contains a further condition, however, which is applicable to this case. In the space provided the shipper must insert his declaration of actual value, or the words "60 cents per pound per article" *in his own handwriting*. It seems to be conceded that the insertion of "60 cents per lb . . ." was not made by Hightower in his own handwriting. The effect of a failure to make that insertion is stated clearly in Paragraph 8 in these words:

> ". . . otherwise the shipment will be deemed released to a maximum value equal to $1.25 times the weight of the shipment in pounds."

---

\* See *Chandler v. Aero Mayflower Transit Co.*, 374 F.2d 129, at 137 (CA4–1967), cited by plaintiff, but holding in effect that the decisive question is whether there was a *written* agreement, not necessarily in the shipper's own handwriting.

The source of this requirement that the declaration of value be made by the shipper "in his own handwriting" appears to be Paragraph (c) of the ICC's "Released Rates Order No. MC–505" (Appellants Item 19a) and "MRT 1–E" (Appellant's Item 16a) at Item 10, where there is the same condition for an insertion of a declaration "in his own handwriting", and "otherwise" an assumption of a maximum value of $1.25 per pound.

Bekins contends that the contract of carriage was the government bill of lading (Exhibit A of the case stated) and that the real parties to the contract were Bekins and the U. S. Government, so that the 60 cents limitation applies under Military and Government Rate Tariff 1–E, Item 9. This is fair argument, but in the Order for Service Bekins treated Hightower as the "shipper", and put itself in the position of having to accept a valuation of $1.25 per pound unless it could prove, as it has not, that the insertion of 60 cents per pound was made in Hightower's "own handwriting."

We hold, therefore, that plaintiff is entitled to recover a judgment for $6,650 with interest from July 29, 1969.

*Paramount Dress Co.*, supra, is to be distinguished from this case, because the blanks in the comparable clause of *Paramount* were left blank, and there was therefore, in that case, no agreement "in writing" as to the declared value.

*Brannan v. Smith Drug Lines,* 456 F.2d 260 (CA6–1972), cited by the lower court, was decided primarily on findings of misrepresentations by the carrier's agent.

*Anton v. Greyhound Van Lines,* 591 F.2d 103 (CA1–1978), opinion furnished to us by counsel for Hightower was decided in favor of the shipper on a finding that the space in the shipping form for insertion of value was left blank, so that the principle of Paramount Dress appears to apply.

Counsel for plaintiff argues that a limitation of liability will be effective only if the shipper is given "a choice of rates." We think the Order for Service, dated 6/10/69, paragraphs 6 and 8 sufficiently demonstrates that plaintiff exercised a choice of the cheapest available rate, as did the

government acting in plaintiff's behalf, under the U.S. Government Bill of Lading.

III.  *On the order striking defendant's Amended Answer*

■    The complaint in this case was served on January 20, 1972, and answer filed on April 11, 1972. Bekins filed an amended answer on September 20, 1974, raising as an additional defense that the action was barred by a nine month statute of limitations contained in the Bill of Lading and Order of Shipment. The court sustained Preliminary Objections and struck the amended answer. Since the Statute of Limitations constitutes an affirmative defense which must be pleaded, presumably in the prescribed time, we see no error in the court's exercise of discretion in striking the Amended Answer.

The judgment of the lower court is reversed, and the case is remanded for entry of judgment in favor of plaintiff for $6,650 with interest from July 29, 1969.